## W. CARLAND v. CITY OF NEW ORLEANS.

By a contract between plaintiff and defendant, the former bound himself among other things to put the shell roads of the city in good repair within sixty days thereafter. It was stipulated that the contractor should be deemed to be in default by the mere act of his failure in any particular, and the City Council was so authorized to declare it, without applying to a court, &c , &c. More than a week having passed, and the plaintiff not having commenced work, the City Surveyor reported the fact to the Board of Assistant Aldermen, and advised that the contract be declared forfeited. The advice was not immediately acted upon, and plaintiff began the work, and before the sixty days had elapsed put *most* of the roads in repair. The City Council then declared the contract forfeited, and plaintiff brought suit for *damages*. *Held:* That by the the terms of the contract the city had the right at any time to declare it null for neglect on the part of plaintiff. But it was not competent for the city, after having been notified of the neglect of plaintiff to commence the work, subsequently, to stand by and see him prosecute the work without objection, and then insist upon such delay in the commencement as a forfeiture. The Council should have acted promptly when notified of the neglect. The plaintiff did not comply fully with his contract, he has, therefore, no action for *damages* against the city, he is only entitled to compensation for the benefit which the city derived from his labor.

The obligation of the contractor was to complete the work within sixty days from the date of the contract, and not from the commencement of the work.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. Tried by a jury. *Purvis & Dugué*, for plaintiff. *J. J. Michel*, for defendant and appellant.

MERRICK, C. J. The plaintiff, by a contract entered into with the city of New Orleans on the fifth day of May, 1856, covenanted to keep the shell roads of the city in repair for a period of three years, for the annual compensation of seven thousand two hundred dollars. By the specifications which were embodied in the contract, the roads were to be delivered to the contractor in whatever condition they might be when he should begin the work, and were all to be put in good repair, in the best workman-like manner, and with sound and clean shells of the best quality, within sixty days thereafter. The contract contained a clause authorizing the City Council to declare it void for any neglect on the part of the contractor without applying to a court or indemnifying the contractor, and it was further declared, that the contractor should be deemed to be in default by the mere act of his failure in any particular without it being necessary to put him in default, under Art. 1605 of the Civil Code. The work done was to be paid for monthly.

*Mr. Pilié*, the City Surveyor, having seen no attempt on the part of the plaintiff to commence the work, on the thirteenth day of May addressed a letter to the Board of Assistant Aldermen, advising that the contract be declared forfeited, on account of *Carland's* neglect to commence the work. This letter was not immediately acted upon by the Council, and *Carland* was suffered to commence the work, and during May and June he put most of the roads in such repair that they could be used without inconvenience.

On the 11th day of July, the Council declared the contract null and void. The city refused to pay monthly for the work done by the contractor, on the ground of his alleged non-compliance with the contract.

This suit is brought to recover twenty thousand dollars damages for the alleged breach of the contract on the part of the city. The case was tried by

a jury, and resulted in favor of the plaintiff for $2500 damages.    The defendant has appealed.

The appellant complains of the charge of the Judge to the jury, to which he excepted, and, furthermore, that the city was justified in declaring the contract abandoned, and, therefore, the verdict ought to have been for defendant.

As we shall express an opinion upon the right of the city to declare the contract abandoned, we do not deem it important to consider the defendant's bill of exceptions.

The plaintiff, by subscribing the contract, which he did, placed it in the power of the city to declare the contract void for any neglect on his part.    He assumed the obligation of a strict compliance with his engagement, with a knowledge that any failure on his part was a forfeiture of his contract without any demand or notice from the city further than that it had, through the proper authorities, put an end to the same.    But it was not competent for the city after having been notified of the neglect of the plaintiff to commence the work, subsequently, to stand by and see him prosecute the work without objection, and then insist upon such delay in the commencement, as a forfeiture.    If they had intended to insist upon that ground of forfeiture they should have acted promptly when notified of the neglect.

We think, however, that at the time the contract was really declared abandoned in July, that the plaintiff had not complied with the stipulation in the contract to have the roads in good repair within sixty days from the commencement of the work, that is the date of the contract.    For we understand the delay to commence running from the date of the contract.    It was in the specifications under which the proposals were received that it was mentioned, that the work was to be in good repair within sixty days from the time the contractor should begin the work, and this was subsequently recited in the contract. If the term "begin" were at the option of the contractor, the work might have been delayed for months, and the public might have suffered the greatest inconveniences without its being in the power of the city to declare the contract forfeited, or to cause themselves the necessary repairs to be made at the expense of the contractor.    We think it is clear that at the expiration of the delay of sixty days from the date of the contract the contractor had not put "the whole of" the shell roads in the best workmanlike repair with sound and clean shells of the best quality, as he had bound himself to do.    The city were authorized, therefore, by the contract, to declare it at an end, and the plaintiff has no right to claim damages of the city for the loss of the profits which he might have made if he had complied with his engagement.    But this does not prevent the plaintiff from recovering of the defendant for the benefit which the city derived from the plaintiff's labor.    The city, although not bound to indemnify the contractor for losses upon the outlays for conducting the work, such as the carts, horses, and vessels he may have bought, nevertheless is bound to pay for so much of the contractor's materials and labor as have actually been taken possession of by the city, and to the extent of which the city has really been benefited.

On looking into the record, in order to ascertain the value of the work done, we are unable to find sufficient data for a safe judgment upon this branch of the case.    The verdict of the jury evidently embraces as one of its elements the supposed loss of profits of the plaintiff on the contract.    We have just shown that this cannot be allowed.    We think that justice requires that the case

should be remanded in order that the plaintiff may have an opportunity of showing what was the real value to the city of the labor and materials furnished upon the shell roads by him, under his imperfect execution of the contract, up to the time it was declared void by the city.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that the case be remanded for a new trial to be conducted in conformity to the foregoing opinion, the plaintiff paying the costs of the appeal.